UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATRINA ELAINE WHITE,

Plaintiff,

v.

Case No. 26-cv-1339-bhl

DURHAM SCHOOL BUS SERVICES,

Defendant.

## SCREENING ORDER

On August 5, 2026, Plaintiff Katrina White, proceeding without an attorney, filed a complaint against Durham School Bus Services, alleging violations under federal employment discrimination law. On that same day, she filed a motion to proceed *in forma pauperis* (IFP), which the Court denied. (ECF Nos. 2 & 5.) White has since paid the filing fee and has asked the Court to order the U.S. Marshal Service to serve her complaint on Defendant Durham School Bus Services. (ECF No. 6.) Before ordering service, the Court will screen White's complaint and, because of several deficiencies, will require her to file an amended pleading if she wishes to continue this lawsuit.

## SCREENING THE COMPLAINT

The Court has the authority to screen a *pro se* complaint. *Cf.* 28 U.S.C. §1915(e)(2). In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id.* In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

White is a resident of Milwaukee, Wisconsin. (ECF No. 1 at 1.) She has used a pro se employment discrimination form for her complaint and checked off several boxes to indicate her claims for relief. (*Id.*) Through the form, White indicates that she believes her employer, Durham School Bus Services, discriminated against her on the basis of race, in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1 at 4.) She identifies the discriminatory conduct as including terminating her employment, "unequal terms and conditions," and "retaliation." (*Id.* at 4.) She also attaches a May 7, 2026 right to sue letter from the EEOC. (ECF No. 1-1.) Then, in a separate docket entry, entitled "supplement," White attaches 36 pages of call logs and miscellaneous documents from the NAACP, EthicsPoint, and EEOC, all apparently related to her claim in some unexplained way. (ECF Nos. 3 & 3-1.) The attached documents include emails and a "complaint of discrimination" from the NAACP, 20 pages of call logs, an acknowledgment letter from the EEOC, and report details from EthicsPoint, an incident management software platform. (ECF No. 3-1.)

## ANALYSIS

White's complaint fails to satisfy Rule 8 because her submissions, even considered together, do not present a clear story of the bases for her claims. To the extent the Court can piece together a narrative of events from her filings, it appears that White and her supervisor, Paula Swanigan, had a disagreement over White's entitlement to a $4,000 sign-on bonus after which their relationship deteriorated. (ECF No. 3-1 at 34.) It also appears that White was ultimately

terminated on February 7, 2024—possibly relating to an absence from a Safety Meeting the day before. (*Id.* at 5, 34.) White's filings also suggest she believes she was retaliated against because other absences were allowed, while hers were not. (*Id.* at 5.) In the end, however, White has failed to provide an understandable discussion of what happened to her, what claims she is seeking to bring, and what defendants she intends to assert claims against. Without this information, neither the Court nor the defendants have proper notice of her claims, in violation of Rule 8.

While White has generally alleged that she was discriminated against on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, she does not allege specific, plausible facts to support this conclusion. And, as the Supreme Court has recognized, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). White's assertion that she was discriminated against in violation of Title VII is a mere legal conclusion. (ECF No. 1 at 3–4.) White must allege specific conduct by specific individuals who discriminated against her or violated her rights. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful.") Because White did not write a "short and plain statement" with the facts underlying her claims, the Court will dismiss the complaint with the opportunity to amend it.

The Court also notes that in some of the documents she has filed, it appears White may also be trying to assert claims against the EEOC and Wisconsin Department of Workforce Development Equal Rights Division. (ECF No. 3-1 at 2.) Her filings suggest she may have intended to assert claims for violations of her due process rights during the investigation of her workplace discrimination claim. If this is the case, White must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint should present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up).

The Court will direct the Clerk to include with this Order a copy of the "Guide to Filing Non-Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," which is also on the Court's website. This document is intended to assist Plaintiffs without attorneys in writing and filing a complaint. It contains a blank complaint form

and examples of statements of a claim, which White should use if she intends to continue this lawsuit.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that White's Complaint, ECF No. 1, is **DISMISSED** without prejudice. If White wishes to proceed with this lawsuit, she must file an amended complaint on or before **November 30, 2026**. To assist her in stating an understandable claim, and to help the Court and defendants understand the basis for her claims, White is directed to use the pro se complaint form included in the enclosed "Guide to Filing Non-Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin." If the Court does not receive White's amended complaint by **November 30, 2026**, her case will be dismissed for failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on November 10, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge